NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

IN RE TERMINATION OF PARENTAL RIGHTS AS TO P.L.,
K.L., and D.L.

No. 1 CA-JV 25-0200

FILED 07-31-2026

---

Appeal from the Superior Court in Yuma County
No. S1400JD202400004, S1400SV202400030
The Honorable Levi Gunderson, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Zachary Law Group, PLC, Mesa
By Jessica Zachary
*Counsel for Appellant Mother*

Arizona Attorney General's Office, Tucson
By Laura J. Huff
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thuma delivered the decision of the Court, in which Presiding Judge Andrew J. Becke and Judge James B. Morse Jr. joined.

---

**T H U M M A**, Judge:

**¶1**        Kristina L. (Mother) challenges an order terminating her parental rights to her children P.L., K.L. and D.L.[1] Because Mother has shown no error, the order is affirmed.

## FACTS AND PROCEDURAL HISTORY

**¶2**        Mother and Michael L. (Father) are the biological parents of P.L., born in February 2023; K.L., born in December 2023; and D.L., born in November 2024. In February 2024, the Department of Child Safety (DCS) took temporary custody of P.L. and K.L. after receiving reports Mother was unable to care for the children. DCS filed a dependency petition alleging neglect. When the parents pled no contest, the superior court found the children dependent and adopted a family reunification case plan. When D.L. was born, DCS took the newborn into care and included D.L. in the dependency.

**¶3**        DCS provided Mother with various services, including individual parenting time supported by a parent aide, parental education program, a psychological evaluation, referrals to housing and transportation. Mother participated in some parenting time, a psychological evaluation, and some parenting education, but refused other services. Mother's psychological evaluation confirmed Mother had a mental disability and the court granted a request to have the case designated under the Americans with Disabilities Act (ADA).

**¶4**        There are numerous other complicating factors. Mother and Father have a significant history of domestic violence. Mother testified to at least 100 instances of domestic violence and concerns about her safety. Father obtained at least four orders of protection against Mother during the dependency. Mother was arrested for domestic violence against Father. Parents fled with P.L. to Florida, where law enforcement executed a pickup order and returned the child to Arizona. Parents were arrested and charged criminally for custodial interference. Mother also was incarcerated for violating the conditions of her release in the criminal case.

---

[1] The caption has been amended to safeguard the child's identity pursuant to Administrative Order 2013-0001.

**¶5**      In November 2024, DCS filed a termination petition that, as amended, alleged neglect, mental illness and six-months time-in-care as to Mother. *See* Ariz. Rev. Stat. (A.R.S.) § 8-533(B)(2), (3) & (8)(b) (2026).[2] By April 2025, Mother maintained that she would participate in family therapy with Father but would not participate in any other services. Communication with DCS also was an issue. DCS observed that, despite its efforts, parents had made very little progress toward reunification.

**¶6**      A six-day adjudication hearing on the termination petition was held from June through September 2025. In a 32-page order, the court found DCS proved by clear and convincing evidence the statutory grounds for termination and found, by a preponderance of the evidence, that termination was in the children's best interests. [3]

**¶7**      This court has jurisdiction over Mother's timely appeal under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 8-235(A), 12-120.21(A)(1), 12-2101(A) and Ariz. R.P. Juv. Ct. 601-03.

## DISCUSSION

**¶8**      As applicable here, to terminate parental rights, a court must find by clear and convincing evidence that at least one statutory ground in A.R.S. § 8–533(B) has been proven, and must find by a preponderance of the evidence that termination is in the best interests of the child. *See Kent K. v. Bobby M.*, 210 Ariz. 279, 288 ¶ 41 (2005). Because the superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts," this court will affirm an order terminating parental rights as long as it is supported by reasonable evidence. *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93 ¶ 18 (App. 2009) (citation omitted).

**¶9**      Mother does not challenge the superior court's findings that DCS met its burden of proof to show the statutory grounds alleged and best interests for termination, which are supported by the trial evidence. Instead, Mother argues that the court was required to hold DCS to a higher standard of proof than it did given her mental disability. Mother argues that "the standard of proof prior to terminating the parental rights of a

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

[3] Although the parental rights of Father also were terminated, he is not a party to this appeal.

parent with disabilities should be the same as" in cases governed by the Indian Child Welfare Act (ICWA). *See* 25 U.S.C. §§ 1901 et seq.

**¶10**        Excerpting ICWA provisions regarding enhanced burdens of proof that federal statute requires, Mother argues that her due process and equal protection rights required DCS to prove "beyond a reasonable doubt" that: (1) it "made active efforts to provide 'remedial services' and 'rehabilitative programs' targeted at preventing termination;" and (2) "continued custody [by Mother] 'is likely to result in serious emotional or physical damage to the child.'" Mother also argues her due process and equal protection rights were violated when the superior court "failed to find beyond a reasonable doubt the services and programs provided by DCS were unsuccessful." These arguments fail for several reasons.

**¶11**        Mother failed to raise these arguments in superior court, meaning she has waived them on appeal. *Cont'l Lighting & Contracting, Inc. v. Premier Grading & Utils., LLC*, 227 Ariz. 382, 386 ¶ 12 (App. 2011); *Logan B. v. Dep't of Child Safety*, 244 Ariz. 532, 536 ¶ 9 (App. 2018). During trial, Mother's guardian ad litem stated that having the case designated under the ADA does "not change any of the burdens that the State must meet." Even then, Mother made no objection or argument that the burdens were different. By failing to raise these issues with the superior court, Mother has waived them on appeal.

**¶12**        Although Mother references ICWA's heightened standards, she has not argued that ICWA applies to this case. Indeed, at trial and without objection, the superior court found: "This is not an ICWA case, that's clear." Moreover, Mother has not shown that the elevated burdens of proof mandated by Congress in ICWA are constitutionally required. Mother has made no showing that the enhanced ICWA standards of proof apply to termination proceedings where a parent has a mental disability, and Arizona law is to the contrary. *In re J.C.*, 259 Ariz. 60, 69-75 ¶¶ 44–76 (App. 2024) (applying clear and convincing standard of proof for statutory ground and preponderance of the evidence standard of proof for best-interests finding to a parent with mental health issues); *accord Brionna J. v. Dep't of Child Safety*, 255 Ariz. 471, 478 ¶ 27 (2023) (similar). Thus, notwithstanding Mother's mental disability, the superior court properly applied Arizona's standards of proof, not the heightened standards that Mother advocates. A.R.S. § 8-537(B); Ariz. R.P. Juv. Ct. 353(c).

**¶13** The clear and convincing standard of proof satisfies due process. *Santosky v. Kramer*, 455 U.S. 745, 747-48 (1982); *Alma S. v. Ariz. Dep't of Child Safety*, 245 Ariz. 146, 150 ¶ 9 (2018) (citing *Santosky*). Similarly, Mother has shown no violation of the equal protection requirement that "the law treat all similarly situated persons alike." *State v. Panos*, 239 Ariz. 116, 118 ¶ 7 (App. 2016) (citation omitted). There is nothing in the record to suggest that the court treated Mother differently from other parents in termination cases.

**¶14** On this record, the superior court properly found DCS proved the statutory grounds by clear and convincing evidence and proved by a preponderance of the evidence that termination was in the children's best interests. Because nothing more was required, and because the superior court properly applied governing law, there was no error.

## CONCLUSION

**¶15** The order terminating Mother's parental rights is affirmed.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:          JR